## AURELIO RIVERA, III, Appellant/Defendant
## v.
## PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff

S. Ct. Crim. No. 2008-0045

Supreme Court of the Virgin Islands

June 8, 2010

Debra S. Watlington, Esq., Office of the Territorial Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

Matthew Phelan, Esq., AAG, Dept. of Justice, St. Thomas, USVI, *Attorney for Appellee.*

Hodge, *Chief Justice*; Cabret, *Associate Justice*; and Swan, *Associate Justice.*

## OPINION OF THE COURT

(June 8, 2010)

Hodge, C.J. Appellant, Aurelio Rivera, III ("Rivera"), appeals from the Superior Court's June 2, 2008 Order of Judgment and Commitment, which sentenced him to twenty years of incarceration. For the reasons which follow, we will affirm Rivera's conviction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

During the afternoon of June 15, 2007, Sean Singh ("Singh") and Sunildath "Joshua" Boodoosingh ("Boodoosingh") were standing in front of Harvey Project in St. Croix discussing apartment rentals with Brian Alphonse ("Alphonse"), who was sitting in his parked car, when a man came out of the bushes towards them. The man paced back and forth several times before pulling out a revolver and brandishing it at the three men. The man then walked up to Singh, pointed the revolver at his head, and asked Singh what he was doing on the man's turf. The man tore Singh's gold chain from his neck and demanded that Singh and Boodoosingh turn over their valuables. After Singh and Boodoosingh indicated that they did not have any other valuables, the man told them to leave his turf. Singh and Boodoosingh immediately got into their car and drove away. The man then approached Alphonse's car, pointed the revolver at Alphonse's head, and demanded he turn over his valuables. After Alphonse stated that he did not have any valuables, the man attempted to open Alphonse's car door. After discovering that the car doors were locked, the man turned and walked away.

The incident was subsequently reported to the police, and Singh, Boodoosingh, and Alphonse each identified Rivera from a photo array as the man who had wielded the revolver. Thereafter, the People of the Virgin Islands ("The People") charged Rivera in a Third Amended

590

Information with one count of robbery in the first degree pursuant to V.I. CODE ANN. tit. 14 § 1862(2), two counts of assault in the third degree pursuant to 14 V.I.C. § 297(2), and one count of possession of a firearm during the commission of a crime of violence pursuant to 14 V.I.C. § 2253(a). On February 25, 2008, Rivera moved *in limine* to dismiss all charges against him on grounds that the People's witness list did not include former police officer Jeffrey Browne ("Browne") — the investigating officer who had prepared the photo arrays presented to the eyewitnesses.[1] Rivera maintained that Browne was crucial to the witnesses' identifications of Rivera and that he had a right under the Sixth Amendment's Confrontation Clause to cross-examine him at trial. After hearing arguments from both parties, the trial court reserved its ruling on the motion *in limine*.

Rivera's jury trial commenced on February 26, 2008. The People called Singh, Boodoosingh, and Alphonse, each of whom testified that Rivera was the man who had robbed and assaulted them. On cross-examination, Rivera elicited testimony from Alphonse regarding the photo array which Browne had shown him. Alphonse testified that he had initially chosen photograph number four because he was unsure whether the robber was the person depicted in photograph number four or five. Alphonse testified that after he chose photograph number four, Browne told him he had chosen the wrong person. Browne subsequently showed Alphonse a second photo array, and Alphonse picked photograph number five which was a photograph of Rivera.

On re-direct examination of Alphonse, the People offered into evidence the second photo array where he identified Rivera. Rivera objected on grounds of foundation, arguing "we are now getting into foundation which is going to raise the *Crawford* issue again because the person who [prepared the photo array] was Jeffrey Brown[e]." (Trial Tr. 85, Feb. 26, 2008.) However, Rivera's counsel stated that he would not object to admission of the second photo array if the trial court would also admit the first photo array showing that Alphonse had initially chosen a different individual. The trial judge then ruled on Rivera's motion *in limine*, stating "I don't see any *Crawford* issue with this because there is no indication of any testimony by Jeffrey Brown[e] on this document. By this, I am

---

[1]  At the time Rivera filed his motion *in limine*, Browne was incarcerated and facing numerous criminal charges including first degree murder.

indicating the six photographs." (Trial Tr. 87.) The judge then admitted both photo arrays.

On February 27, 2008, the jury found Rivera guilty of all counts. On May 8, 2008, Rivera was orally sentenced to twenty years of incarceration. Rivera filed a timely notice of appeal on May 20, 2008,[2] and the trial court entered its Order of Judgment and Commitment memorializing Rivera's oral sentence on June 2, 2008.

## II. DISCUSSION

### A. Jurisdiction and Standards of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court." 4 V.I.C. § 32(a). Our review of the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). In particular, "[t]he standard of review for challenges under the Sixth Amendment's Confrontation Clause is plenary." *Latalladi v. People*, 51 V.I. 137, 141 (V.I. 2009) (citing *United States v. Mitchell*, 145 F.3d 572, 576 (3d Cir.1998)).

### B. The Admission of the Photo Array Did Not Violate the Confrontation Clause

As his sole ground for appeal, Rivera argues that the trial court committed reversible error by admitting the second photo array into evidence in violation of the Sixth Amendment's Confrontation Clause.[3] In opposition, the People argue that no constitutional error occurred because the People did not introduce at trial any testimonial statements by Browne.

■ "The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be

---

[2]    "A notice of appeal filed after the announcement of a decision, sentence, or order — but before entry of the judgment or order — is treated as filed on the date of and after the entry of judgment." V.I.S.CT.R. 5(b)(1).

[3]    The Sixth Amendment to the United States Constitution is applicable in the Virgin Islands pursuant to § 3 of the Revised Organic Act. *See* The Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 86, 88 (1995) (preceding V.I. CODE ANN. tit. 1).

confronted with the witnesses against him.' " *Crawford v. Washington*, 541 U.S. 36, 42, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004) (quoting U.S. CONST. amend. VI). As the United States Supreme Court explained in *Crawford*, "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." *Id.* at 50. With that focus in mind, the *Crawford* court held that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59.

██ As grounds for holding that the admission of the second photo array did not violate the Confrontation Clause in this case, the trial judge held that there was "no indication of any testimony by Jeffrey Brown[e]" on the photo array. (Trial Tr. 87.) As *Crawford* makes abundantly clear, the Confrontation Clause is implicated only when a declarant's statement is introduced against the defendant at trial and the declarant does not appear at trial. *See* 541 U.S. at 59. Here, we can discern no instance in which Browne can be considered a declarant with respect to the second photo array because there are no markings or statements by Browne contained on the photo array.[4]

██ Moreover, to the extent that the selection of a suspect from a photo array can be considered a testimonial statement, the declarant in this case would be Alphonse — the witness who identified Rivera from the photo array. Indeed, a review of relevant case law demonstrates that defendants who have challenged the admission of a photo array identification on confrontation grounds have succeeded only where the government calls a police officer to testify at trial concerning a witness's positive identification and the witness does not himself appear at trial. *See, e.g., Walker v. State*, 180 S.W.3d 829 (Tex. Crim. App. 2005) (Confrontation Clause violated when police detective testified at trial to witness's out-of-court statements identifying defendant from photo array, because defendant had no opportunity to cross-examine witness); *see also State v. Nevins*, 171 Ohio App. 3d 97, 2007 Ohio 1511, 869 N.E.2d 719 (2007)

---

[4]    We note that the Joint Appendix did not include the photo arrays at issue in this case. However, when questioned by this Court at oral argument regarding the contents of the second photo array, Rivera's counsel stated that it did not contain any markings or statements made by Browne.

(detective's testimony about witness's photo array identification inadmissible under *Crawford* even though witness testified at preliminary hearing and was cross-examined by defendant, because witness's prior testimony did not specifically identify defendant as person chosen from photo array). In such cases, the identifying witness is the declarant but is absent from trial. In this case, however, Alphonse testified at trial and was cross-examined by Rivera concerning his initial identification of a different individual.

Lastly, we find it noteworthy that Rivera's counsel specifically stated at trial that he would not object to the admission of the second photo array if the trial would admit the first photo array, which illustrated Alphonse's initial misidentification. Since the trial court admitted both photo arrays as requested, it is not readily apparent that Rivera in fact maintained his objection to the admission of the second photo array.

■ Accordingly, because the second photo array did not contain any statements by Browne, testimonial or otherwise, we hold that the admission of the photo array did not violate Rivera's right to confront the witnesses against him.[5]

## III. CONCLUSION

This Court holds that the trial court did not violate the Sixth Amendment's Confrontation Clause by admitting the second photo array, because the photo array did not contain any testimonial statements by Browne. Accordingly, we affirm the Superior Court's June 2, 2008 Order of Judgment and Commitment.

---

[5] Although Rivera argues on appeal that he could not challenge the reliability of Alphonse's photo array identification without Browne's presence at trial, Rivera chose at trial and on appeal to challenge the admission of the photo array on confrontation grounds rather than on due process grounds. *See Richards v. People*, Crim. No. 2008-064, 2010 V.I. Supreme LEXIS 2, *14 (V.I. Jan. 13, 2010) (holding that pre-trial identification procedure was unduly suggestive but finding no due process violation because identification was nevertheless reliable under the totality of the circumstances).